# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GEORGE WILSON, <br>     Petitioner, <br><br> vs. <br><br> WARDEN, ALLEN <br> CORRECTIONAL INSTITUTION, <br>     Respondent. | Case No. 1:18-cv-276 <br><br> Black, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioner, an inmate in state custody at the Allen Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's return of writ (Doc. 9), to which petitioner has not responded. For the reasons stated below, the undersigned recommends that the petition be denied on the ground that petitioner's habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On October 3, 2002, the Hamilton County, Ohio, grand jury returned a seven-count indictment charging petitioner with two counts of felonious assault and one count each of aggravated robbery, robbery, tempering with evidence, having weapons while under disability, and attempted murder. (Doc. 8, Ex. 1). Petitioner, through counsel, filed a motion to suppress a lineup identification prior to trial.[1] (Doc. 8, Ex. 9). The motion was denied by the trial court. (Doc. 8, Ex. 10).

Following a jury trial, petitioner was found guilty of all counts with the exception of the charges of robbery and attempted murder. (Doc. 8, Ex. 15, 16). On June 19, 2003, petitioner

---

[1] Petitioner also filed a notice of alibi through counsel (Doc. 8, Ex. 11), as well as pro se motions to examine medical tests and to suppress seized evidence. Both motions were denied by the trial court. (*See* Doc. 8, Ex. 8).

was sentenced to a total aggregate prison sentence of twenty-seven years in the Ohio Department of Corrections. (Doc. 8, Ex. 18).

On July 17, 2003, petitioner, through counsel, filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 8, Ex. 20). In his single assignment of error, petitioner argued that insufficient evidence was presented at trial to support his aggravated robbery conviction.[2] (Doc. 8, Ex. 23). On August 25, 2004, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 29).

Petitioner did not appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision.

## Application to Reopen Appeal

Petitioner filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) on November 29, 2004. (Doc. 8, Ex. 30). By entry issued March 11, 2005, the Ohio Court of Appeals denied petitioner's application, finding the application to be untimely. (Doc. 8, Ex. 32).

Petitioner did not seek further review in the Ohio Supreme Court.

## Petition to Vacate or Set Aside Sentence

Meanwhile, on January 2, 2004, petitioner field a motion to vacate or set aside sentence. (Doc. 8, Ex. 33). The petition was denied as untimely by the trial court on January 13, 2004. (Doc. 8, Ex. 37).

---

[2] Petitioner subsequently filed a motion to remove his appellate counsel and to file a substitute pro se brief. (Doc. 8, Ex. 25). The appeals court overruled his motion to remove counsel, but granted petitioner an extension of time to file a supplemental appellate brief. (Doc. 8, Ex. 26). Petitioner filed a motion for an additional extension of time, which was denied by the appeals court. (Doc. 8, Ex. 27, 28).

2

## Motion to Vacate and Correct a Void Sentence

Next, on January 31, 2012, petitioner field a motion to vacate and correct a void sentence, alleging that the trial court failed to properly impose post-release control and that his convictions for felonious assault and aggravated robbery constituted allied offenses of similar import. (Doc. 8, Ex. 38). The trial court denied petitioner's motion on February 2, 2012. (Doc. 8, Ex. 39).

Petitioner appealed the trial court's decision, but the Ohio Court of Appeals dismissed the appeal for petitioner's failure to comply with Ohio App. R. 4(A) or to file a motion for delayed appeal pursuant to Ohio App. R. 5(A). (Doc. 8, Ex. 40, 41).

Petitioner subsequently filed a motion for a delayed appeal, which was granted by the Ohio appeals court. (Doc. 8, Ex. 42, 43, 44). On May 3, 2013, the Ohio Court of Appeals affirmed the judgment of the trial court, but remanded the case for resentencing so that post-release control could be properly imposed. (Doc. 8, Ex. 47).

## Resentencing

On July 25, 2013, after appointing petitioner counsel, the trial court resentenced petitioner to the same twenty-seven-year prison term. The trial court notified petitioner of the applicable post-release control terms, the consequences of violating the terms, and imposed post-release control. (Doc. 8, Ex. 49).

Petitioner did not file an appeal from the resentencing.

## Post-Conviction Relief

On August 1, 2016, petitioner filed a pro se motion for judicial release, which was denied by the trial court on August 11, 2016. (Doc. 8, Ex. 50, 51).

Petitioner also filed unsuccessful pro se motions for findings of fact and conclusions of

law and to vacate and correct a void sentence. (Doc. 8, Ex. 52, 53, 55).

## Application to Reopen

Finally, on July 11, 2017, petitioner filed a second application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 8, Ex. 56). Petitioner argued that his appellate counsel was ineffective for failing to raise issues regarding the ineffectiveness of trial counsel and his consecutive sentences. Petitioner's application was denied on August 28, 2017. (Doc. 8, Ex. 58). The Ohio Court of Appeals found his application successive and his claims barred by the doctrine of *res judicata*. (*See id.*).

Petitioner did not seek further review in the Ohio Supreme Court.

## Federal Habeas Corpus

On April 9, 2018, petitioner commenced the instant federal habeas corpus action.[3] (*See* Doc. 1 at PageID 16). Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Defendant/Petitioner was deprived and denied effective assistance of counsel on direct appeal as guaranteed by the 6th & 14th Amendments to the U.S. Const. where appellate counsel failed to assign on direct appeal ineffective assistance of counsel.
>
> **GROUND TWO**: Defendant/Petitioner was deprived and denied effective assistance of counsel on direct appeal as guaranteed by the 6th & 14th Amendments to the U.S. Const. where appellate counsel failed to assign on direct appeal the disparity in his sentence, as a 1st time offender, is unwarranted in violation of due process & R.C. 2953.08(A)(4), sentence in contrary to law.

(*Id.* at PageID 5, 7).

---

[3] The petition was filed with the Court on April 12, 2018. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on April 9, 2018. (*See* Doc. 1 at PageID 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on April 9, 2018.

Respondent has filed a return of writ. (Doc. 9). As noted above, petitioner has not responded.

## II.  THE PETITION SHOULD BE DENIED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at trial and during his direct appeal. Because petitioner was aware of the facts

underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, however, petitioner was resentenced on July 25, 2013 so that petitioner could be properly informed of post-release control. (Doc. 8, Ex. 49). *See Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016) (holding that a *nunc pro tunc* order issued to inform a defendant of post-release control amounts to a new judgment that resets AEDPA's one-year statute of limitations period). Although respondent argues that the new sentence imposed did not amount to a worse-than-before sentence that would reset the limitations period,[4] assuming in petitioner's favor that the limitations was reset by the resentencing the petition is still time-barred. As noted above, petitioner did not appeal from the resentencing. Therefore, his conviction and sentence became final on August 26, 2013, upon the expiration of the 30-day period for filing his direct appeal expired.[5] *See* Ohio R. App. P. 4(A). The statute commenced running on August 27, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 27, 2014, absent the application of statutory or equitable tolling principles.

---

[4] In *Crangle*, the Sixth Circuit noted that only a "new, worse-than-before sentence . . . amounts to a new judgment." *Crangle*, 838 F.3d at 678. Because the petition is time-barred even if the limitations period was reset by petitioner's resentencing, the Court need not determine whether petitioner's case is distinguishable from *Crangle*, as respondent contends. (*See* Doc. 8 at PageID 451).

[5] Because the 30-day time period ended on Saturday, August 24, 2013, petitioner had until Monday, August 26, 2013 to file a timely direct appeal.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 1,070 days before petitioner filed his August 26, 2016 motion for judicial release, the first of his post-conviction motions. Because petitioner's subsequent motions were all filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S.

7

at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not argued nor does the record otherwise indicate that he is entitled to equitable tolling in this case. Petitioner does state that he did not have constructive knowledge of federal habeas corpus until July of 2017. (*See* Doc. 1 at PageID 14). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331,

1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus

9

actions brought pursuant to 28 U.S.C. § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GEORGE WILSON,  
    Petitioner,

vs.

WARDEN, ALLEN  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:18-cv-276

Black, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).